UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:14-mj-71517-MAG-1 |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| DANIEL ROSENTHAL, | |
| Defendant. | |

The government's motion to detain defendant Daniel Rosenthal came before the Court on December 24, 2014. Assistant United States Attorney Denise Barton appeared for the government. The defendant was present with his counsel, Louis Feuchtbaum. Having considered the parties' proffers, and the Pretrial Services reports from both the Central District and the Northern District of California, I find that the government has met its burden of showing by a preponderance of the evidence that Defendant presents a risk of flight and that no conditions of release would reasonably ensure his appearance, and Defendant's proposed conditions of release do not reasonably assure that he would make his appearances. Some of the factors which I considered in reaching this decision follow:

1. The defendant is charged with three counts of violating 18 U.S.C. §§ 1344 and 2, Bank Fraud, and Aiding and Abetting Bank Fraud; three counts of violating 18 U.S.C. §§ 1028A and 2, Aggravated Identity Theft, and Aiding and Abetting Aggravated Identity Theft; and six counts of violating 18 U.S.C. §§ 1957 and 2, Money Laundering, and Aiding and Abetting Money Laundering.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   If convicted, the defendant faces a substantial term of imprisonment, thereby giving him some

2   incentive to flee.

3       2. Defendant likely has the ability to flee. The government proffers that as part of a fraudulent

4   scheme Defendant purchased approximately $4 million in gold, which was delivered to Defendant at

5   his office. Shortly thereafter, Defendant fled the country for parts of two years. That gold is

6   unaccounted for. Defendant does not deny being part of the scheme, but denies ever taking

7   possession of the gold. This does not mean, however, that Defendant does not access to it, either

8   directly or indirectly. The government also proffers that approximately $900,000 was wired to an

9   account in Cypress at Defendant's direction, and that money is unaccounted for, too. Other monies

10  may also be unaccounted for. In addition, Defendant's criminal history, and the allegations at issue

11  here, demonstrate that Defendant is able to steal other people's identities and/or misrepresent his

12  own, and thus simply seizing his passport is not sufficient to mitigate this risk.

13      3. Defendant has a history of extensive international travel.  The Pretrial Services Report from

14  this District mentions Defendant's travels to Croatia, and the government proffers that Defendant has

15  traveled to numerous countries in Eastern Europe, the Caribbean, and South America. He has also

16  been to Australia. This history suggests that Defendant is quite comfortable traveling to, from, and

17  within, foreign countries.

18      4. Defendant argues that he was not the mastermind of the alleged scheme but acted only at the

19  direction of others. This suggestion of co-conspirators actually supports a finding that Defendant has

20  the ability to flee because co-conspirators, especially if they are located outside of the United States

21  (as the government believes), have an incentive to assist Defendant's non-appearance, lest they be

22  swept into the government's case against Defendant.

23      5. Defendant does not have strong ties to the community. Other than acts alleged in relation to

24  the underlying offenses, Defendant has no ties to the Northern District of California.

25      6. Defendant does not have a stable employment history. According to the Pretrial Services

26  Report from this District, Defendant has been assisting with his father's exotic bird business for the

27  last four months, but it appears more that he simply is helping his father and is not an employee.

28  Defendant also says that he has been employed promoting a fitness company since August 2014, but

UNITED STATES DISTRICT COURT
For the Northern District of California

1   he has yet to receive a paycheck.

2       7. Defendant argues that his past convictions stemmed from acts he committed while addicted to

3   heroin. Defendant then emphasizes that he has not used heroin for the past four years and thus he is a

4   changed man.  I first note that some of the conducted alleged in this case occurred within that four-

5   year period, so it is not clear that Defendant's statement is accurate. Regardless, relapse is

6   possible—and in fact Defendant admitted that he has relapsed in the past—so I do not find

7   Defendant's argument persuasive. In any event, his past history of substance abuse undermines the

8   likelihood that he will obey the conditions of release.

9       8. Defendant proposed, as the Pretrial Services Report from this District recommended, that he

10   be released on a $500,000 bond secured by his parents' property, and that, among other conditions,

11   he remain in the custody of his father in Yorba Linda, California and not be allowed to travel outside

12   of the Central District and Northern District of California. This bond is insufficient to prevent flight

13   because, since the extremely large amount of unaccounted-for wealth, Defendant could simply pay

14   off the bond later. I also note that Defendant resided with his parents during many of the acts for

15   which he has previously been convicted. This suggests that, despite his parents' best efforts, they

16   have not been able to keep Defendant from a life of crime.

17       9. For a man of 31, Defendant has spent most of his adult life in prison or on probation.  He has

18   at least four prior felony convictions and three misdemeanor convictions. Many of his convictions

19   occurred while he was on probation. This suggests that he is not amenable to supervision.

20       I also find that the government has met its burden of showing by clear and convincing evidence

21   that Defendant is a danger to the community. I do not find that the government has established by

22   clear and convincing evidence that the defendant presents a *violent* danger to the community. While

23   there is a legitimate concern that he might provide drugs to others, and possibly harm them in the

24   process, I believe that conditions of confinement could be imposed to mitigate that risk. I do,

25   however, find that the government has established by clear and convincing evidence that Defendant

26   presents a *financial* danger to the community. *See United States v. Reynolds*, 956 F.2d 192, 192-93

27   (9th Cir. 1992) ("[D]anger may, at least in some cases, encompass pecuniary or economic harm.");

28   *see also United States v. Hickey*, No. CR 97-0218 WHA, 2006 WL 1867708, at *3-4 (N.D. Cal. July

UNITED STATES D[ ]ICT COURT
For the Northern Dis[ ] of California

1    6, 2006). The Pretrial Services Report from this District notes that Defendant has used numerous

2    aliases and other people's Social Security numbers over the years. The facts of this case, which are

3    especially strong, suggest that he has an exceptional facility to create false identities and engage in

4    sophisticated fraudulent conduct. He already has one felony conviction for doing so. Nor do I believe

5    that conditions of confinement can be fashioned to adequately mitigate this risk. It would be difficult

6    to isolate him from all electronic devices that could be used to facilitate creating a new identity, and

7    having his father act as custodian would not necessarily prevent defendant from engaging in identity

8    theft since he has not been able to do so before.

9       Based on the foregoing, and for the reasons stated in court, the government's motion to detain is

10    **GRANTED. IT IS HEREBY ORDERED** that:

11       (1) The defendant be, and hereby is, committed to the custody of the Attorney General for

12    confinement in a corrections facility separate, to the extent practicable, from persons awaiting or

13    serving sentences or being held in custody pending appeal;

14       (2) The defendant be afforded reasonable opportunity for private consultation with his counsel;

15    and

16       (3) On order of a court of the United States or on request of an attorney for the government, the

17    person in charge of the corrections facility in which the defendant is confined shall deliver the

18    defendant to an authorized Deputy United States Marshal for the purpose of any appearance in

19    connection with a court proceeding.

20       **IT IS SO ORDERED.**

21    Dated: December 24, 2014

22                              BERNARD ZIMMERMAN

                                  United States Magistrate Judge

23

24

25

26

27

28